GARDEN, JUDGE:
In an opinion recently rendered in the consolidated claims of W. Va. State Industries vs. Department of Mental Health, Claims D-876a and D-876b, were pointed out that the claimant is an entity established pursuant to Chapter 28, Article 5B, of the Official Code of West Virginia of 1931, as amended, the “Prison-Made Goods Act of 1939.” For the purpose of providing prisoners at the state prison in Moundsville with a means of occupying their time, it produces a varied line of products for sale to other state agencies. The consolidated claims mentioned above were treated as requests for advisory determinations pursuant to Code 14-2-18 because they involved disputes between state agencies, and this claim likewise will be so treated.
This claim involves a total of $20,005.20 represented by invoices for paper products, mattresses, smoking and chewing tobacco, soap and bleach products and clothing items sold by claimant to respondent in fiscal year 1968-69 and during the following three fiscal years. Broken down, the following total dollar amount of invoices were unpaid during the four fiscal years: fiscal 1968-69, $15,482.71; fiscal 1969-70, $4,391.40; .¡fiscal 1970-71, $124.89; and fiscal 1971-72, $6.20. No explanation was offered at the hearing for the non-payment of these invoices.
*89 Under the provisions of Code 14-2-21, this Court is prohibited from taking jurisdiction of any claim that is not filed with the Clerk within the applicable period of limitation, as prescribed by law. The claimant here seeks an award for a total of various separate invoices. These invoices constitute open accounts, and we are thus of the opinion that the five year statute of limitation is applicable. The claim was filed on August 30, 1974, and consequently the unpaid invoices rendered during fiscal 1968-69 in the total amount of $15,482.71 cannot be considered. Of the total unpaid invoices in fiscal 1969-70, a total of $89.35 were rendered prior to August 30, 1969, and they also cannot be considered, thus reducing the claim in fiscal 1969-70 to $4,302.05.
Mrs. Hazel Kinder, Chief of Business Management for Public Institutions, testified that during the years under consideration, certain funds in the current expense account were expired as follows: fiscal 1969-70, $444.21; fiscal 1970-71, $1,837.02; and fiscal 1971-72, $112.00. Payments to claimant to the extent of the expired funds in the respective years would have been legal, but to the extent that the total of the invoices exceeded the expired funds in the respective years, payments would have been illegal. We are thus of the opinion that the claimant should recover the following amounts for the following fiscal years:
fiscal year 1969-70 $444.21
fiscal year 1970-71 $124.89
fiscal year 1971-72 $ 6.20
TOTAL $575.30
The $3,857.84 difference between the total amount of the invoices dated within the five year period prior to August 30, 1974, namely $4,433.14, and the $575.30 which we feel claimant should be awarded, accrued in fiscal 1969-70, and payment of this difference cannot be sanctioned under our holding in Airkem Sales and Service, et al v. Department of Mental Health, 8 Ct. Cl. 180.
This being a request for an advisory determination, ao award will be made, but the Clerk of this Court is requested to forward copies of this opinion to the claimant and the Commissioner of Public Institutions.